IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD J. VOCHINSKY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|   v. | : | |
| | : | |
| THE GEO GROUP, INC., ET AL. | : | NO.: 09-3012 |
|     Defendant | : | |

**MEMORANDUM OPINION**

**Stengel, J.**                                                                               **November 20, 2009**

Plaintiff Ronald Vochinsky filed a motion for extension of time to file a certificate of merit. For the reasons set forth below, I will deny the motion.

**I.     BACKGROUND**

Defendant GEO Group, Inc. operates the Delaware County Prison pursuant to a written contract between GEO Group and Pennsylvania. Complaint at ¶¶ 8-9. On September 29, 2007, Vochinsky was arrested for a traffic violation, and was detained at the Delaware County Prison. Id.

At the prison, Vochinsky alleges he complained of pain and illness, requested medical attention, and had visible signs and symptoms of illness. Id. at ¶ 11-12. Vochinsky was suffering from a severe reaction to a bug bite. Id. at ¶ 13. Vochinksy alleges GEO Group provided no medical attention or assistance and that he did not receive medical treatment until he was transferred to another prison on October 2, 2007.

Id. at ¶¶ 14-19.

## II. PLAINTIFF'S MOTION

Count II of Vochinksy's Complaint alleges negligence and medical malpractice stating "[GEO Group's] aforementioned acts and omissions constituted negligence . . ." and "[GEO Group's] negligence constituted an act of medical malpractice by violated [sic] the minimal standard of care in the medical community, in failing to provide appropriate medical treatment to [Vochinsky]." Complaint at ¶ 35. Vochinksy failed to file a timely certificate of merit required for actions "based upon an allegation that a licensed professional deviated from an acceptable standard of care." See Pa. R. Civ. Proc. 1042.3(a); Motion for Extension of Time to File Certificate of Merit at ¶ 2.

Vochinsky claimed he did not file a certificate of merit because he did not believe the certificate was required because GEO Group was not a "licensed professional" or "health care provider" as defined by Pennsylvania Rule of Civil Procedure 1042.1(b), GEO Group's deviation was "so obvious expert testimony is not required," and GEO Group's liability is based on the malpractice of persons for whom GEO Group is responsible but have yet to be named.[1]

---

[1] Although Vochinsky's motion also states Rule 1042 does not apply in federal court, he does not argue this in his reply brief. Rule 1042 is a substantive rule, not a procedural rule. See McElwee Group, LLC v. Municipal Authority of Borough of Elverson, 476 F. Supp. 2d 472, 475 n.3 (E.D. Pa. 2007) (noting the "weight of authority hold that Pennsylvania certificate of merit requirement is a substantive rule, not a procedural requirement). Therefore, it applies in federal court. Chamberlain v. Gianpapa, 210 F.3d 154 (3d Cir. 2000) (finding NJ certificate of merit law

A.  A Certificate of Merit is Required

Pennsylvania Rule of Civil Procedure 1042 provides:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
    (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
    (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
    (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

Pa. R. Civ. Proc. 1042.3(a)-(b).

Regardless whether GEO Group is a licensed health care provider,[2] a certificate of

---

applied in federal court).

[2] A licensed professional is defined as: "(1) any person who is licensed pursuant to an Act of Assembly as (i) a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503 . . . ." Pa. R. Civ. Proc. 1042.1.

Section 1303.503 defines "health care provider" as:

A primary health care center, a personal care home licensed by the Department of Public Welfare pursuant to the act of June 13, 1967 (P.L. 31, No. 21), [FN3] known as the Public Welfare Code, or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health

3

merit was required. In <u>Dental Care Assoc., Inc. v. Keller Eng'rs, Inc.</u>, 954 A.2d 597, 601-03, 603 n.4 (Pa. Super. Ct. 2008), the Superior Court of Pennsylvania found the defendant qualified as a licensed professional for purposes of Rule 1042 and a certificate of merit was required where the defendant was a "corporation engaged in the business of providing engineering services" and the substance of plaintiff's complaint alleged professional malpractice. Because GEO Group argues it is a licensed health care provider and Vochinsky's Complaint alleges GEO Group committed medical malpractice because it failed to meet "the minimal standard of care in the medical community, in failing to provide appropriate medical treatment to [Vochinsky]," Vochinsky was required to file a certificate of merit.

## B. Vochinsky's Certificate of Merit is Timely

The certificate of merit filed by Vochinsky is timely because the certificate was filed before the defendant filed a motion to dismiss due to plaintiff's failure to file a certificate of merit.

Pennsylvania Rule of Civil Procedure 1042.7 provides:

---

care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment.

GEO claims it is a licensed professional, and, therefore, a certificate of merit is required. Vochinsky argues GEO Group is not a licensed professional because it is not approved as a physician or hospital. Therefore, Vochinsky did not need to file a certificate of merit.

> (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that
>
> (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,
>
> (2) no certificate of merit has been filed,
>
> (3) except as provided by Rule 1042.6(b), the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and
>
> (4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros.

In Pennsylvania state court, a judgment against the plaintiff cannot be entered if the certificate of merit was filed before the defendant filed a praecipe for the entry of judgment of non pros. Rule 1042.7, note; Moore, 862 A.2d at 632-33. Federal procedural rules differ from Pennsylvania procedural rules. Therefore, in federal court, the defendant must file a motion to dismiss without prejudice. Stroud, 546 F. Supp. 2d at 250 (E.D. Pa. 2008); Walsh v. Consolidated Design and Eng'g, Inc., 2007 WL 2844829, at *5 n.9 (E.D. Pa. Sept. 28, 2007).

Because Vochinsky filed his motion for extension of time to file a certificate of merit before GEO Group filed a motion to dismiss the professional liability claim, I find the certificate of merit timely.

C. The Certificate of Merit is Not Sufficient

Vochinsky's proposed Certificate of Merit states "[e]xpert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant."[3] "In the alternate," it states "the claim that [GEO Group] deviated from an acceptable professional standard is based solely on allegations that other licensed professionals . . . for whom [GEO Group] is responsible deviated form an acceptable professional standard. This is a claim in the alternate and does not waive [Vochinsky's] right to argue that [GEO Group's] liability is based on direct liability or otherwise on grounds other than respondeat superior or vicarious liability." This certificate is not sufficient to support a medical malpractice claim.

Rule 1042.3 allows a certificate to state expert testimony is unnecessary, and courts have noted it is possible to prove a medical negligence claim without an expert. See Grossman v. Barke, 868 A.2d 561, 567 (Pa. Super. Ct. 2005). However, to claim a health care provider is directly liable pursuant to the corporate negligence doctrine, a plaintiff must allege: (1) the hospital deviated from the standard of care; (2) the hospital had actual or constructive notice of the defects or procedures that created the harm; and (3) the hospital's act or omission was a substantial factor in bringing about the harm. Kennedy v. Butler Memorial Hosp., 901 A.2d 1042, 1045 (Pa. Super. Ct. 2006) (citing

---

[3] A note to Rule 1042.3(3) states if a certificate of merit states an expert is unnecessary, "in the absence of exceptional circumstances, the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation."

6

Whittington v. Episcopal Hosp., 768 A.2d 1144, 1149 (Pa. Super. Ct. 2001)). Actual or constructive notice is required because corporate negligence "contemplates a 'kind of systemic negligence' in the actions and procedures of the hospital itself rather than in the individual acts of its employees." Id. (citing Edwards v. Brandywine Hosp., 652 A.2d 1382, 1386 (Pa. Super. Ct. 1985)). Vochinsky failed to allege GEO Group had knowledge of Vochinsky's ailments or knowledge of any defect in a procedure that resulted in harm to Vochinksy. Therefore, Vochinsky fails to state a direct liability claim against GEO Group.

In addition, where a plaintiff bases his malpractice claim on vicarious liability, i.e., allegations other licensed professionals for whom the Defendant is responsible deviated from an acceptable professional standard, a certificate of merit "must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the specific licensed professionals who deviate from an acceptable standard of care." Pa. R. Civ. Proc. 1042.3(2), note; see also Stroud v. Abington Memorial Hosp., 546 F. Supp. 2d 238, 248-49 (E.D. Pa. 2008) (where a certificate of merit states "a vicarious liability theory, additional [certificates of merit] must also be filed as to each licensed professional for whom that defendant is alleged to be vicariously liable.").

Vochnisky failed to file a certificate of merit for any professional for whom he alleges GEO Group is responsible. Therefore, the certificate of merit concerning

7

Vochinsky's vicarious liability claim is not sufficient.

Accordingly, because Vochinsky failed to state a medical malpractice claim against GEO Group, his medical malpractice claim is dismissed.

An appropriate order follows.